**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DISTRICT OF COLUMBIA,                          :

                  Plaintiff,                    :

        v.                                   :        Civil Action No. 08-1218-ESH

GROUP HOSPITALIZATION AND              :
MEDICAL SERVICES, INC., *et al.,*

                              :

                Defendants.

**PLAINTIFF DISTRICT OF COLUMBIA'S REPLY**
**IN SUPPORT OF MOTION TO REMAND**

The District of Columbia's ("the District") motion to remand raises, as a threshold

matter, the following issue: are the federal charter provisions that the District seeks to

enforce – *i.e.*, the charter provisions establishing Group Hospitalization and Medical

Services, Inc. ("GHMSI") as a "charitable and benevolent institution" that "shall not be

conducted for profit, but shall be conducted for the benefit of [its] certificate holders" – to

be interpreted under federal or District law?  As demonstrated by the District's

memorandum in support of the motion to remand, Congress intended these charter

provisions to be interpreted under District law.  Therefore, the District's complaint,

which seeks to enforce GHMSI's compliance with these provisions, does not raise an

issue of federal law, much less a substantial issue of federal law.  And without a

substantial issue of federal law, this action must be remanded to the Superior Court.

Defendants GHMSI and CareFirst, Inc. ("Defendants") maintain that "[a] dispute

over the meaning of a federal charter necessarily raises a question of federal law." Def.

Opp. at 6.  Defendants appear to assert that Congress may not provide for federal charter

terms to be interpreted under state or District law. But that is not the case, and Defendants cite no authority to support such a position. In this case, Congress has left it to District law, including the District's insurance laws and regulations and its common law of charitable trusts, to determine GHMSI's legal obligations as a nonprofit and charitable organization.

In their opposition, Defendants refuse to recognize that Congress may, without implicating any federal law, provide for the terms governing a federally-created institution or relationship to be interpreted under state law alone. That Congress may do so is clear from the Supreme Court's analysis in *Jackson Transit Authority v. Transit Union*, 457 U.S. 15 (1982), a case discussed briefly in the District's memorandum in support of its motion (at page 11) but not even cited in Defendants' opposition. The issue in *Jackson* was whether a union's action to enforce a "§ 13(c) agreement" – an agreement required in specified circumstances by section 13(c) of the Urban Mass Transportation Act of 1964 to protect the collective bargaining rights of public transit workers – set forth federal claims or state-law claims. The Supreme Court held that section 13(c) "evinces no congressional intent to upset the decision in the National Labor Relations Act to permit state law to govern the relationships between local government entities and the unions representing their employees." *Id.* at 23-24. So even though the purpose and scope of § 13(c) agreements had been set forth in federal law, and the particular agreement that the union sought to enforce had been certified as "fair and equitable" by the Secretary of Labor, *id.* at 17-18, the union could not enforce the agreement in federal court. Moreover, because § 13(c) agreements were "intended" by Congress "to be governed by state law applied in state courts," the Court expressly declined to treat

"breaches of § 13(c) agreements" as "deprivations of federal rights secured by § 13(c)."

*Id.* at 29.

Similarly, because GHMSI's federal charter was intended by Congress to be governed by District law applied in District courts, alleged breaches of that charter are to be enforced by the District pursuant to its own laws.

Contrary to Defendants' suggestion, the District does not contend "that a 'special body of federal law' is required before the Court may take jurisdiction" to interpret a statute. Def. Opp. at 6. Rather, the District points to the absence of any applicable federal law – special or otherwise – as evidence of congressional intent. What the District contends, consistent with the Supreme Court's analysis in *Jackson*, is that Congress "did not *intend* to create a body of federal law applicable" to regulation of GHMSI. 457 U.S. at 27 (emphasis added). Congress made its intent quite clear when it amended GHMSI's charter to provide that the company would be "regulated by the District of Columbia in accordance with the laws . . . of the District of Columbia." Pub. L. No. 103-127, § 138(b)(1) (1993).

The Supreme Court's analysis in *Jackson* is consistent with its more recent analysis in *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006). Indeed, the majority opinion in *Empire* discusses *Jackson* at length, observing that "Congress had indeed provided for § 13(c) agreements and collective-bargaining contracts stemming from them, but in the Court's judgment, the union's proper recourse for enforcement of those contracts was a suit in state court." *Id.* at 695. While the reimbursement claim in *Empire* – in contrast to the § 13(c) agreement in *Jackson* – was in no sense a "creature of federal law," the Court acknowledged that "distinctly federal

interests [were] involved." *Id.* at 696.  Once again, the Court's analysis of congressional

intent supported the conclusion that the plaintiff's claim did not provide a basis for

federal jurisdiction. *Id.* at 696-99.

In addition to confirming the continued vitality of *Jackson*, the *Empire* decision

confirmed the narrowness of the issue-of-federal-law basis for federal jurisdiction

articulated in *Grable & Sons Metal Prod., Inc. v. Darue Engineering & Mfg.* 545 U.S.

308 (2005), another case relied upon by Defendants.  A "federal element," without more,

will not fit a case into the "slim category" that *Grable* "exemplifies." *Empire*, 547 U.S.

at 701.

As part of its effort to keep this case in federal court, Defendants mischaracterize

the District's complaint as interpreting GHMSI's federal charter to require "among other

things, giving tens of millions of dollars of its reserve funds to charity." Def. Opp. at 4.

However, the District's complaint alleges not that GHMSI must *give* part of its surplus to

charity, but rather that GHMSI *is* a charity and, therefore, must use its surplus

consistently with its charitable mission.  Defendants cannot turn this into a federal case

simply by suggesting that the District or its courts would do a bad job of determining

GHMSI's obligations as a charitable and benevolent institution.

Finally, in response to the District's two-page discussion distinguishing

*American National Red Cross v. S.G.*, 505 U.S. 247 (1992), from the instant case,

Defendants contend that *Red Cross* is a "red herring" and "irrelevant to this case"

because Defendants "have never claimed they enjoyed automatic federal-court access

under the sue-and-be-sued clause of GHMSI's charter." Def. Opp. at 7.  The purpose of

the District's *Red Cross* discussion was not to oversimplify Defendants' argument –

- 4 -

indeed, the District expressly recognized that Defendants "have not asserted that [the charter] language creates federal jurisdiction" – but to emphasize how Defendants' charter-interpretation exception threatens to swallow the rule that a federal charter, by itself, will not provide a basis for federal jurisdiction. District's Mem. at 9-11.

Because Defendants have failed to demonstrate federal-question jurisdiction, the District respectfully requests that this case be remanded to the Superior Court of the District of Columbia.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*Ellen A. Efros/BR*

ELLEN A. EFROS, D.C. Bar No. 250746
Assistant Deputy Attorney General
Civil Litigation Division

*Bennett Rushkoff*

BENNETT RUSHKOFF, D.C. Bar No. 386925
Senior Counsel for Public Advocacy
Consumer and Trade Protection Section
Direct Dial (202) 727-5173
Fax: (202) 741-5908
Email: bennett.rushkoff@dc.gov

JACQUES P. LERNER, D.C. Bar No. 440998
Assistant Attorney General
441 Fourth Street, N.W.
Washington, D.C. 20001
Direct Dial: (202) 724-1342
Fax: (202) 727-0431
Email: jacques.lerner@dc.gov

SEPTEMBER 2, 2008

**ATTORNEYS FOR
PLAINTIFF DISTRICT OF COLUMBIA**